

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  *(302) 573-6277*
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

January 23, 2006

**Hand Delivered**

Honorable Kent A. Jordan
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware  19801

    Re:  **United States v. Norman Barrett**
           **Criminal Action No.  05-67-KAJ**

Dear Judge Jordan:

    The defendant is prepared to enter a guilty plea pursuant to the terms of the enclosed Memorandum of Plea Agreement. The parties respectfully request that the matter be scheduled for a change of plea hearing.

                                    Respectfully,

                                    COLM F. CONNOLLY
                                  United States Attorney

                                By: _____
                                  Edmond Falgowski
                                  Assistant United States Attorney

pc:  Charles M. Oberly, III, Esquire (w/ Enc.)

EF:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 05-67-KAJ |
| | ) |
| NORMAN W. BARRETT | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Norman W. Barrett, by and through his attorney, Charles M. Oberly, III, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to Count 3 of the Indictment charging tax evasion, in violation of Title 26, United States Code, Section 7201 and punishable by a maximum penalty of five years imprisonment, a $250,000 fine, three years supervised release, the costs of prosecution, or any or all of the above, and a special assessment of $100. At sentencing the United States will move to dismiss the remaining counts of the Indictment.

2. The defendant understands that the elements for tax evasion are that:

(a) the defendant took affirmative action to evade a federal tax;

    (b)   an additional and substantial tax was due and owing, and;

    (c)   the defendant acted willfully, that is, with intent to violate a known legal duty.

3.   The defendant stipulates that he had underreported taxable income for the calendar years 1999, 2000, and 2001. The defendant agrees to file, one month before sentencing, amended income tax returns, Form 1040, for the years 1999, 2000, and 2001, in which the defendant will report all of his income for those years. The defendant agrees to provide the United States Attorney's Office and the United States Probation Office with copies of those returns. The defendant further agrees to make his best effort to pay any back taxes and interest (and any penalties that he concedes apply) at the time he files the amended returns. He further agrees to cooperate with any civil tax audit, and to pay the additional penalties that are properly assessed.

4.   The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence, and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. Pursuant to U.S.S.G. § 3E1.1, the United States will not oppose a two point reduction in the offense level for acceptance of responsibility. Further, if the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction in the offense level.

5.   The defendant agrees to pay the special assessment on the day of sentencing.

6.   It is further agreed by the undersigned parties that this Memorandum of Plea Agreement supersedes all prior promises, representations, and statements of the undersigned parties; that this

Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

_____  By: _____
Charles M. Oberly, III, Esquire              Edmond Falgowski
Attorney for Defendant                       Assistant United States Attorney


_____
Norman W. Barrett
Defendant

Dated:

**AND NOW this** _____ **day of** _____**, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.**

_____
Honorable Kent A. Jordan
United States District Court
District of Delaware

3